UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCY
AT LOUISVILLE

SHARON M. LOVE                                                                                         PLAINTIFF

v.                                                            CIVIL ACTION NO.   3:13-CV-402-S

SEARS, ROEBUCK AND CO., ET AL.                                                               DEFENDANTS

## OPINION AND ORDER

This matter is before the court on the plaintiff Sharon Love's motion to compel discovery in this premises liability case. (DN 27). The defendant Sears, Roebuck and Company, objects to producing the customer incident report as privileged attorney work-product. The defendant has provided a copy for *in camera* review.

The parties agree the court must determine whether the privilege applies under the test set forth in *United States v. Roxworthy*, 457 F.3d 590 (6th Cir. 2006); *see also* Fed.R.Civ.P. 26(b)(3) (protecting materials prepared in anticipation of litigation, absent substantial need for discovery and practical inability to obtain information by other means). The defendant must show that the document was created "because of" the defendant's subjective anticipation of litigation, as contrasted with an ordinary business purpose, and that its subjective anticipation was objectively reasonable. *Roxworthy*, 457 F.3d at 594. If a document "would have been prepared in substantially the same manner irrespective of the anticipated litigation," the work product privilege does not apply. *Id.*

The plaintiff alleges she was injured when a clothing rack fell on her. The defendant's store manager, Bryan Moody, testifies, by affidavit, that he was called to the scene, that he investigated the incident, and that he prepared the incident report after the plaintiff returned to the store two days later. He also called the incident into the claims handling department, where a claim number

was assigned and a file created for future use by Sears and defense counsel during subsequent litigation.

The defendant argues that the work-product privilege applies because the report's preparer subjectively anticipated litigation, based on his experience in dealing with customers alleging incidents. The defendant further argues the belief is objectively reasonable due to the company's experience with being sued after customers allege an incident. The defendant further explains that for falling merchandise and slip-and-fall incidents, customers are likely to claim injuries, and lawsuits likely follow, regardless whether a customer claims an immediate injury. The defendant further argues that the substantial-need exception, Rule 26(b)(3), does not apply because it has identified potential witnesses and other facts contained in the report by interrogatory responses.

The plaintiff argues the incident report is discoverable because it was prepared in the ordinary course of business, rather than in anticipation of litigation, and further argues the affidavit fails to satisfy the *Roxworthy* test of specificity. In addition, the plaintiff argues the substantial-need exception applies.

The magistrate judge agrees with the plaintiff that the *Roxworthy* test supports denying the privilege under the facts and circumstances in this case. Although there is logical appeal to the position that the potential for litigation generally should shield customer incident reports, the federal rules require a determination under the particular circumstances of each case. *See* 8 WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE § 2024, n. 21 (3d ed. 2013) (stating courts have adopted a nuanced approach but that accident reports are often regarded as routine matters of business operation, as are other reports prompted by a complaint).

On closer analysis of the facts specific to this case, the magistrate judge concludes the

incident report is not privileged work product because it was prepared in the ordinary course of business. In his affidavit, Moody acknowledges that he prepared the report to preserve the information in case the claim resulted in future litigation. Sears explains that it has established the policy to have its employees prepare a customer incident report as close to the time of the incident as possible to assist in defending lawsuits. The plaintiff seizes on the Sears company policy and argues that because its employees are required to prepare a report for every incident, the defendant cannot satisfy the *Roxworthy* test – limiting the work-product privilege to documents prepared "because of" the prospect of litigation. 457 F.3d at 593.

The magistrate judge agrees with the plaintiff. Handling claims is part of the ordinary business of a retailer. *E.g., Wikel v. Wal-Mart Stores, Inc.*, 197 F.R.D. 493 (N.D. OK 2000). As its policy requires, every Sears incident report is prepared in the same form, irrespective of anticipated litigation. The policy itself exists because of the prospect of litigation, generally, and this report was completed not because specific facts alerted the report's preparer to expect litigation from this customer. In the magistrate judge's view, absent more fact-specific circumstances, the prospect of litigation remains too remote to justify extending the work-product privilege to the incident report.

The defendant argues, however, that it anticipated litigation, in addition to reasons for its incident-report policy, because the plaintiff returned to the store and requested a copy of the incident report. Indeed, a document may have a dual purpose and meet the *Roxworthy* test. *Roxworthy*, 457 F.3d at 599. The magistrate judge concludes, however, that the incident report cannot be said to have been prepared "because of" litigation in addition to a business purpose. There is no dispute that the plaintiff did not threaten to sue or mention litigation. Moreover, the

plaintiff argues that she testified by deposition that she cooperated in providing information to a Sears representative because she was assured she would be provided a copy of the incident report. Moody's affidavit does not mention this topic or otherwise dispute the plaintiff's testimony. Under principles of equitable estoppel, the magistrate judge is not persuaded by the defense argument that the plaintiff's return to the store signaled an intention to sue. *See McCravy v. Metropolitan Life Ins. Co.*, 690 F.3d 176 (4th Cir. 2012) (citing *Cigna Corp. v. Amara*, 131 S.Ct. 1866 (2011) (stating that equitable estoppel operates to place the person entitled to its benefit in the same position he would have been in had the representations been true.).

Thus, absent an overt act, statement, or other "concrete facts" to support a reasonable, and subjective anticipation of litigation, *Roxworthy*, 457 F.3d at 600, the Sears policy to anticipate litigation and prepare a report is no substitute for the actual anticipation of litigation under the facts and circumstances of each case. In this sense, and given the absence of concrete, specific facts supporting the anticipation of litigation, the magistrate judge concludes the store manager prepared the incident report in the ordinary course of business and the potential for litigation remained too remote.

To rule otherwise would, in effect, create a work-product shield for every incident report prepared by every large retailer, since all of them can expect some frequency of premises liability litigation. Such a result would be overbroad and unreasonable. The assertion of the work-product privilege must, therefore, be **OVERRULED**.

**IT IS HEREBY ORDERED** that the motion to compel is **GRANTED** and the defendant shall produce the incident report no later than **March 18, 2014**.

DATE: